UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANCOIS GUY WINSKY,

Petitioner,

v. Case No.: 3:26-cv-2086-MMH-PDB

WARDEN, NORTH FLORIDA DETENTION FACILITY,

Respondents.
_______________________________________/

**ORDER**

Petitioner Francois Guy Winsky initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on August 12, 2026. See generally Petition. Winsky asserts that United States Immigration and Customs Enforcement (ICE) detained him on April 2, 2026. Id. at 5. He was ordered removed on June 3, 2026. Id. Winsky appealed his order of removal on July 21, 2026, Rejection of Appeal (Doc. 8-3; Rejection) at 1, a few weeks after the July 6, 2026, appeal deadline, Order of the Immigration Judge (Doc. 8-2; Order) at 4. Accordingly, the Board of Immigration Appeals rejected his appeal for failure to follow filing instructions. Rejection at 1. Winsky challenges his prolonged detention after receiving a

final order of removal, Petition at 2, 7, and he requests that the Court order his immediate release, id. at 8.

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Here, Winsky's order of removal became final on July 6, 2026.[1] Order at 4. Because, at the time he filed this case, Winsky had been detained for less than 180 days after his order of removal became final, his claim under Zadvydas is not yet ripe. Thus, his petition is due to be dismissed. When Winsky's Zadvydas claim becomes ripe, he may file a new petition to seek discharge from custody while he awaits removal. Should he wish to file a new petition, Winsky must pay a filing fee of $5.00 or file a complete motion to proceed in forma pauperis. Additionally, Winsky must use the form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is **ORDERED**:

1. Winsky's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

[1] "An order of removal by the immigration judge . . . shall become final . . . [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time." 8 C.F.R. § 1241.1(c).

3. The **Clerk** shall send Winsky a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** in Jacksonville, Florida, on this 6th day of November, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Francois Guy Winsky